IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

FILED
MAR 0 5 2001
Deputy Clerk, U.S. District Court
Middle District of Louisiana
Baton Rouge, La.

GEORGE H. CHITTENDEN  *

 Plaintiff,  *

v.  * Civil Action No. 01-179-B-2

EQUIFAX CREDIT INFORMATION  *
SERVICES, INC. AND THE CREDIT  *
BUREAU OF BATON ROUGE, INC.  * A JURY TRIAL IS DEMANDED

 Defendants.  *

## COMPLAINT

Plaintiff, George H. Chittenden on his own behalf, complains as follows against defendants Equifax Credit Information Services, Inc. and the Credit Bureau of Baton Rouge, Inc.

### I. INTRODUCTION

1. The Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as the "Act"). Plaintiff seeks actual damages, punitive damages, costs and attorney's fees.

### II. PARTIES

2. Plaintiff, George H. Chittenden, is a natural person whose mailing address is P.O. Box 1356, Hammond, LA 70404-1356.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a (c) of the Act.

4. Defendant, Equifax Credit Information Services, Inc. (hereinafter referred to as "ECIS"), is a foreign corporation authorized to do and doing business in the state of Louisiana.

5. Defendant ECIS is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information

| INITIALS | DOCKET# |
|---|---|
| KK | 1 |

concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the Act, to third parties.

6. Defendant, Credit Bureau of Baton Rouge, Inc. (hereinafter referred to as "CBBR"), is a Louisiana corporation with its principal place of business located at 9489 Interline, Baton Rouge, Louisiana.

7. Defendant CBBR is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the Act, to third parties.

### III. FACTUAL ALLEGATIONS

8. Plaintiff had a child support obligation that went into collection in approximately 1980 and was terminated shortly thereafter but was being reported by Child Support Enforcement, state of Louisiana (Support Enforcement"), to ECIS and/or CBBR through sometime in the year 2000.

9. Plaintiff disputed this in a letter dated September 27, 1999 mailed to the CBBR notifying the CBBR that this account was well more than seven years old.

10. On both October 7 and 8, 1999, defendant CBBR reported to Mr. Chittenden with regard to the account information for Support Enforcement that "EQUIFAX VERIFIED THAT THIS ITEM WAS BEING REPORTED CORRECTLY."

11. This account was being reported with negative information of being 24 times 90 days past due.

12. The presence of this account on his consumer report on the credit profiles maintained

2

by the defendants, ECIS and CBBR caused Mr. Chittenden difficulty with several creditors as well as his attempt to obtain a home mortgage in the summer of 2000.

## LIABILITY OF CBBR AND ECIS

13. *ECIS* maintains a contract with *CBBR* wherein they share data and other assets.

14. *ECIS and CBBR* share a common credit reporting database which takes in, warehouses, maintains and manipulates data supplied by their subscribers.

15. Both *ECIS and CBBR* have access to and prepare consumer credit reports from the same data pool, in the same database, and both have duties to each consumer, about whom they may report, as provided in the Fair Credit Reporting Act.

16. *CBBR* is an affiliate bureau and agent of *ECIS*. *ECIS* is likewise an agent of *CBBR*.

17. *ECIS and their agent, CBBR*, failed to properly reinvestigate plaintiff's disputes and *ECIS and CBBR* continued to prepare and issue false consumer reports.

18. *CBBR, ECIS*, and Support Enforcement, exchanged information about plaintiff's disputes and the fraud account through their reinvestigation and fraud divisions and *ACIS system*, internal notes and CDV/ACDV/UDF processes.

19. *CBBR, ECIS*, and Support Enforcement, were very aware of plaintiff's disputes, as well as their inadequate and illegal reinvestigation, and Support Enforcement's responses to their contacts and their decision to leave the disputed, false, fraud-related data as attributable to plaintiff.

20. *ECIS and CBBR* took inadequate action to correct plaintiff's consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

21. Likewise they failed to take necessary and reasonable steps to prevent further inaccuracies from entering plaintiff's credit file data and such false data continued to be posted as

3

new consumer credit reports were prepared, issued and disseminated by *ECIS and CBBR* and relayed for further use, reliance and publication by their subscribers.

22. Defendants, *ECIS and CBBR*, failed to adopt and follow "reasonable procedures" to assure the maximum possible accuracy of Plaintiff's consumer credit and other personal information, as required by the Fair Credit Reporting Act, which they compiled, used and manipulated, in order to prepare consumer credit reports, credit scores, risk factors/denial codes and other economic and prediction data evaluations.

23. Defendants, *ECIS and CBBR*, failed to adopt and follow "reasonable procedures" to assure the proper reinvestigation, accuracy, deletion and/or suppression of false data appearing on Plaintiff's consumer reports and as contained in their consumer reporting databank, as required by the Fair Credit Reporting Act.

24. Defendants, *ECIS and CBBR*, through their fault, as described herein, caused great and irreparable injury to Plaintiff herein.

25. Further, *CBBR and ECIS* sent reinvestigation results to plaintiff which evidenced their decision to merely mimic its subscriber's replies to the inadequate reinvestigation disputes *CBBR and ECIS* conveyed.

26. From approximately October 1999 through the present time period, Defendants, *CBBR and ECIS*, have continually added, stored, maintained and disseminated personal and credit information, in consumer reports it prepared and issued, about the Plaintiff which was inaccurate, false, erroneous and misleading despite notice by the plaintiff that such information was erroneous.

### COUNT I - FAIR CREDIT REPORTING ACT VIOLATIONS

27. Plaintiff incorporates ¶¶ 1-26 above.

28. In the entire course of its actions, CBBR and ECIS willfully and/or negligently violated the provisions of the Act in the following respects:

a. By willfully and/or negligently failing to reinvestigate reasonably to fulfill its duty under § 1681i(a) of the Act.

b. Upon information and belief, by willfully and/or negligently failing, in the preparation of consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report, in violation of § 1681e of the Act.

c. By willfully and/or negligently reporting an account placed for collection that antedates the report by more than seven years, in violation of § 1681c(a)(4) of the Act.

29. As a direct and proximate result of the foregoing acts and omissions of ECIS and CBBR, Mr. Chittenden has suffered actual damages and injury, including, but not limited to, stress, humiliation, anxiety, extreme mental anguish and suffering, and emotional distress, for which he should be compensated in an amount to be proven at trial.

WHEREFORE, plaintiff respectfully requests that judgment be entered against Equifax Credit Information Services, Inc. and the Credit Bureau of Baton Rouge, Inc. for:

(a) actual damages as to Count I;

(b) punitive damages as to Count I;

(c) attorney's fees pursuant to 15 U.S.C. § 1681n and/or § 1681o as to Count I;

(d) costs; and

(e) for such other and further relief as may be just and proper.

A JURY TRIAL IS DEMANDED.

BY ATTORNEY:

_____
Garth J. Ridge
Bar Roll Number 20589
200 Lafayette Street, Suite 608
Baton Rouge, Louisiana 70801
(225) 343-0700