

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GEORGE H. CHITTENDEN, | * | CIVIL ACTION |
| Plaintiff, | * | |
| | * | NO. 01-179-B-M2 |
| VERSUS | * | |
| | * | |
| EQUIFAX CREDIT INFORMATION | * | SECTION "B" |
| SERVICES, INC. AND THE CREDIT | * | JUDGE POLOZOLA |
| BUREAU OF BATON ROUGE, INC., | * | |
| | * | |
| Defendants. | * | MAG. DIV. (2) |
| | * | MAG. JUDGE NOLAND |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT EQUIFAX CREDIT INFORMATION SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW defendant Equifax Credit Information Services, Inc. ("ECIS"), through its undersigned counsel, and for its answer and affirmative defenses to plaintiff's Complaint, states as follows:

### ANSWER

### I. INTRODUCTION

1. In response to paragraph 1 of the Complaint, ECIS admits that Plaintiff purports to bring this action for damages pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). Equifax denies that it is liable to Plaintiff for violations of the FCRA and denies that Plaintiff was damaged by any action or inaction of Equifax.

## II. PARTIES

2. ECIS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. ECIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint.

4. ECIS admits the allegations contained in paragraph 4 of the Complaint.

5. In response to paragraph 5 of the Complaint, ECIS admits that it is a consumer reporting agency as that term is defined by the FCRA.

6. ECIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. In response to paragraph 7 of the Complaint, ECIS admits that CBBR is a consumer reporting agency as that term is defined by the FCRA.

## III. FACTUAL ALLEGATIONS

8. Pending further investigation and discovery, ECIS denies the allegations of paragraph 8 of the Complaint that relate to ECIS. ECIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint, and therefore denies same.

9. ECIS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore denies same.

10. ECIS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and therefore denies same.

ATLLIB01 1146058.1

11. ECIS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and therefore denies same.

12. Pending further investigation and discovery, ECIS denies the allegations of paragraph 12 of the Complaint that relate to ECIS. ECIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Complaint, and therefore denies same.

## LIABILITY OF CBBR AND ECIS

13. In response to paragraph 13 of the Complaint, ECIS admits that it has a contract with CBBR and that CBBR owns and maintains credit files on ECIS' database. ECIS denies Plaintiff's characterization of the relationship between ECIS and CBBR and denies the remaining allegations contained in paragraph 13 of the Complaint.

14. In response to paragraph 14 of the Complaint, ECIS admits that it has a contract with CBBR and that CBBR owns and maintains credit files on ECIS' database. ECIS denies Plaintiff's characterization of the relationship between ECIS and CBBR and denies as stated the remaining allegations contained in paragraph 14 of the Complaint.

15. In response to paragraph 15 of the Complaint, ECIS admits that it has a contract with CBBR and that CBBR owns and maintains credit files on ECIS' database. Both ECIS and CBBR issue credit reports from that database. ECIS admits that the FCRA regulates its actions as a consumer reporting agency and establishes duties to consumers. ECIS denies Plaintiff's characterization of the relationship between ECIS and CBBR and denies as stated the remaining allegations contained in paragraph 15 of the Complaint.

ATLLIB01 1146058.1

16. In response to paragraph 16 of the Complaint, ECIS admits that it has an affiliate relationship with CBBR. ECIS denies Plaintiff's characterization of the relationship between ECIS and CBBR and denies the remaining allegations contained in paragraph 16 of the Complaint.

17. ECIS denies Plaintiff's characterization of the relationship between ECIS and CBBR and denies the allegations contained in paragraph 17 of the Complaint to the extent that they relate to ECIS. ECIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 of the Complaint, and therefore denies same.

18. ECIS denies the allegations contained in paragraph 18 of the Complaint to the extent that they relate to ECIS. ECIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18 of the Complaint, and therefore denies same.

19. ECIS denies the allegations contained in paragraph 19 of the Complaint to the extent that they relate to ECIS. ECIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19 of the Complaint, and therefore denies same.

20. ECIS denies the allegations contained in paragraph 20 of the Complaint to the extent that they relate to ECIS. ECIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 of the Complaint, and therefore denies same.

ATLLIB01 1146058.1

21. ECIS denies the allegations contained in paragraph 21 of the Complaint to the extent that they relate to ECIS. ECIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21 of the Complaint, and therefore denies same.

22. ECIS denies the allegations contained in paragraph 22 of the Complaint to the extent that they relate to ECIS. ECIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 22 of the Complaint, and therefore denies same.

23. ECIS denies the allegations contained in paragraph 23 of the Complaint to the extent that they relate to ECIS. ECIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23 of the Complaint, and therefore denies same.

24. ECIS denies the allegations contained in paragraph 24 of the Complaint to the extent that they relate to ECIS. ECIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24 of the Complaint, and therefore denies same.

25. ECIS denies the allegations contained in paragraph 25 of the Complaint to the extent that they relate to ECIS. ECIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25 of the Complaint, and therefore denies same.

26. ECIS denies the allegations contained in paragraph 26 of the Complaint to the extent that they relate to ECIS. ECIS is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations of paragraph 26 of the Complaint, and therefore denies same.

## COUNT I – FAIR CREDIT REPORTING ACT VIOLATIONS

27. Equifax reasserts and incorporates herein its responses to paragraphs 1- 26 of the Complaint as if set forth fully herein.

28. ECIS denies the allegations contained in paragraph 28 of the Complaint to the extent that they relate to ECIS. ECIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28 of the Complaint, and therefore denies same.

29. ECIS denies the allegations contained in paragraph 29 of the Complaint to the extent that they relate to ECIS. ECIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 of the Complaint, and therefore denies same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against ECIS upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

At all pertinent times, defendant ECIS maintained reasonable procedures to ensure maximum possible accuracy in its credit reports.

ATLLIB01 1146058.1

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were not caused by ECIS, but by another person or entity for whom or for which ECIS is not responsible.

### FOURTH AFFIRMATIVE DEFENSE

ECIS has complied with the provisions of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq., in its handling of plaintiff's credit file, if any, and is entitled to each and every defense afforded to it by the statute.

### FIFTH AFFIRMATIVE DEFENSE

ECIS has not willfully or maliciously published any defamatory information with respect to plaintiff's credit file.

### SIXTH AFFIRMATIVE DEFENSE

ECIS's alleged supplying of information, if any, was both privileged and justified.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred by Plaintiff's failure to mitigate his damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

At all pertinent times, ECIS acted in good faith and without malice or intent to injure plaintiff.

### NINTH AFFIRMATIVE DEFENSE

Any allegation of the Complaint not expressly admitted is denied.

### TENTH AFFIRMATIVE DEFENSE

ECIS reserves the right to have additional defenses that it learns of through the course of discovery.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint does not state an appropriate cause of action for the award of punitive damages.

WHEREFORE, ECIS respectfully requests that this Court enter judgment in favor of ECIS and against plaintiff, award ECIS its costs and fees incurred herein, and grant such further relief as this Court deems just, proper and necessary.

Respectfully submitted this 19th day of April, 2001.

**LOCKE LIDDELL & SAPP LLP**

BY: *Amelia Koch*
AMELIA WILLIAMS KOCH, T.A. (2186)
JENNIFER A. FAROLDI (25668)
Pan American Life Center
601 Poydras Street, Suite 2400
New Orleans, Louisiana 70130-6036
Telephone: (504) 558-5100

*OF COUNSEL:*

**KILPATRICK STOCKTON LLP**
Lewis P. Perling, Esq.
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500

**ATTORNEYS FOR DEFENDANT,
EQUIFAX CREDIT INFORMATION
SERVICES, INC.**

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing ANSWER & AFFIRMATIVE DEFENSES by depositing same in the United States mail, properly addressed with sufficient postage affixed thereto to ensure delivery to:

Garth J. Ridge, Esq.
200 Lafayette Street, Suite 608
Baton Rouge, LA 70801
*Attorney for Plaintiff*

Dated: April 19, 2001.

_____
AMELIA WILLIAMS KOCH

910000:20000 : NORLEANS : 58481.1